**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JARED M. VILLERY,

              Petitioner - Appellant,

  v.

KIM HOLLAND, Warden, Secretary of
the California Department of Corrections,

              Respondent - Appellee.

No. 12-57217

D.C. No. 2:09-cv-07496-GAF-
AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 6, 2015
Pasadena, California

Before: KLEINFELD, McKEOWN, and M. SMITH, Circuit Judges.

Jared Villery appeals from the district court's order denying his petition for

review under 28 U.S.C. § 2254. After a jury trial, Villery and his co-defendant

were convicted of seven counts of false imprisonment, two counts of attempted

first degree robbery, and one count of first degree burglary for conduct arising out

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of a home invasion.  The jury acquitted Villery of four counts of kidnaping. Villery

was sentenced to 28 years, 4 months in prison.  Villery appealed his sentence to the

California Court of Appeal, arguing that the prosecutor committed misconduct by

referring to the 9/11 attacks during closing arguments. The California Court of

Appeal found that the prosecutor's actions constituted misconduct under California

law, but did not violate federal law because the conduct did not infect the trial with

such unfairness as to make Villery's conviction a denial of due process. *People v.*

*Zurinaga*, 148 Cal. App. 4th 1248, 1258 (2007); *Donnelly v. DeChristoforo*, 416

U.S. 637, 643 (1974). The California Court of Appeal's decision was neither

contrary to nor an unreasonable application of established federal law. We affirm

the denial of Villery's § 2254 petition.

A petitioner's application for a writ of habeas corpus will not be granted

unless the petitioner can demonstrate that the state court's adjudication of the claim

resulted in a decision that was either contrary to, or involved an unreasonable

application of, clearly established Supreme Court precedent, or was based on an

unreasonable determination of the facts in light of evidence presented during the

sate court proceeding. 28 U.S.C. § 2254(d)(1), (2). The district court properly

denied Villery's habeas petition because the California Court of Appeal's decision

finding no constitutional error was not contrary to, or an unreasonable application

2

of, the Supreme Court's decision in *Donnelly*. "The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly*, 416 U.S. at 643). A court should examine the entirety of the proceedings in assessing whether a prosecutor's comments violated a petitioner's due process rights. *See id*. Even where a prosecutor's conduct constitutes constitutional error, "the standard for determining whether habeas relief must be granted is whether the . . . error had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

The California Court of Appeal reasonably determined that Villery was not prejudiced by the prosecutor's conduct because the evidence showed that

> [e]leven individuals identified Petitioner as one of the perpetrators of the crimes. The victims testified in detail as to the events. The crimes were reported to the police soon after the robberies were complete. The only contradictory evidence was Petitioner's own story, which was wholly uncorroborated. None of the individuals identified in Petitioner's version of events testified.

The jury took dispassionate care in assessing the evidence, as its split verdict demonstrates. While the prosecutor's actions constituted misconduct under

3

California law, those actions did not deprive Villery of a fair trial, and therefore, did not amount to a violation of due process.

In addition, the state court was not unreasonable in failing to apply the standard announced in *Chapman v. California*, 386 U.S. 18, 23-24 (1967) for constitutional trial error because it concluded that any error was non-constitutional. Even if the misconduct were constitutional error, "[w]hen constitutional error in a state-court trial is first recognized by a federal court," the *Brecht* standard applies. *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007). In other words, Villery must show that the prosecutor's arguments had a "substantial and injurious effect or influence in determining the jury's verdict" on this record. *Brecht*, 507 U.S. at 638; For the reasons identified by both the California Court of Appeal and the district court, Villery has failed to make such a showing.

**AFFIRMED.**